UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES of AMERICA, | Criminal Action No. 06-309 (SRC) |
| Plaintiff, | |
| | **OPINION & ORDER** |
| v. | |
| SHENEZ LAWRENCE, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the *pro se* motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Shenez Lawrence ("Lawrence"). On February 8, 2022, Defendant filed a motion for compassionate release from incarceration, due to confinement conditions involving Covid-19, or reduction of sentence.[1] The Government has opposed the motion. Defendant did not file a reply brief. For the reasons that follow, the motion will be denied.

Defendant moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant contends that extraordinary and compelling reasons justify his release, based on three considerations: 1) post-sentencing changes to the law under which he was sentenced; 2) evidence of his post-sentencing rehabilitation; and 3) his medical history. The Government, in opposition, argues that the motion should be denied because: 1) Defendant has not shown any extraordinary

---

[1] In his moving brief, Defendant requested the appointment of counsel. The Court has reviewed Defendant's brief and finds that it is very articulate and well-presented; the Court finds no reason to appoint counsel to represent Defendant on this motion.

1

and compelling reason to justify release; and 2) the Section 3553(a) factors do not warrant a reduction in sentence.

> In making the present motion, Defendant has:
>
> moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This provision empowers a court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts.

United States v. Ebbers, 2020 U.S. Dist. LEXIS 3746, at *1-2 (S.D.N.Y. Jan. 8, 2020) (citations omitted.) The relevant provision states:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

      (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

      (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

    As a sister Court has explained:

> We evaluate compassionate release based on three factors. First, we address whether "extraordinary and compelling reasons warrant the reduction" and whether the reduction is consistent with the Sentencing Commission's policy statements in effect before the First Step Act. Second, we determine whether [defendant] is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Third, we must consider the factors listed in 18 U.S.C. § 3553(a), "to the extent they are applicable."

United States v. Sotelo, 2019 U.S. Dist. LEXIS 135051, at *12 (E.D. Pa. Aug. 7, 2019).[2] As the movant, Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

    Defendant moves for compassionate release on three grounds. First, Defendant argues that post-sentencing revisions to 18 U.S.C. § 924(c) constitute an extraordinary and compelling reason. It is true that Lawrence was convicted and sentenced for, *inter alia*, violations of 18 U.S.C. § 924(c), and that, after Defendant's sentencing, the First Step Act amended 18 U.S.C. § 924(c). Defendant's argument must fail, however, because, as the Government argues in

---

[2] "[A]lthough the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons." United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021).

opposition, and as Defendant concedes in his moving brief, the Third Circuit has already considered this argument and rejected it:

> The nonretroactive changes to the § 924(c) mandatory minimums also cannot be a basis for compassionate release. In passing the First Step Act, Congress specifically decided that the changes to the § 924(c) mandatory minimums would not apply to people who had already been sentenced. . . . [W]e will not construe Congress's nonretroactivity directive as simultaneously creating an extraordinary and compelling reason for early release.

United States v. Andrews, 12 F.4th 255, 261 (3d Cir. 2021).

Second, Defendant argues that he has medical conditions that constitute an extraordinary and compelling reason. Defendant points to his history of a head injury, sustained in 2005, and suggests that this places him at special risk for Covid-19, but does not persuade this Court that this is correct. The Government argues in opposition that Defendant is fully vaccinated against Covid-19, and that there is no evidence to support Defendant's suggestion that a head injury from 17 years ago places him at greater risk from severe Covid illness. This Court finds that Defendant has failed to point to any evidence that his history of head injury constitutes a medical condition that presents an extraordinary and compelling reason for early release.

Third, Defendant argues that the § 3553(a) factors weigh in favor of relief, pointing to his "character and rehabilitation." (Def.'s Br. at 18.) The Government, in opposition, argues that the § 3553(a) factors militate in favor of continued incarceration, and that Defendant is not an appropriate candidate for a reduction of his sentence, on four grounds. First, Defendant was convicted of very serious crimes, armed robbery of multiple banks, which included terrorizing his victims. Second, the Government characterizes Defendant as a career criminal, with many prior convictions. Third, the Government argues that, in view of this history, and in view of the

4

fact that Defendant has not yet served half of his sentence,[3] the need for deterrence weighs heavily against reduction of sentence, to continue to punish him for his conduct and to deter others with similarly serious criminal histories from continuing to engage in criminal conduct. Fourth, the Government argues that Defendant's sentence was at the bottom of the Guidelines range, and that the need to avoid sentencing disparities among similarly-situated defendants weighs against shortening it.

As to the § 3553(a) factors, this Court finds the Government's arguments persuasive. Defendant's progress toward rehabilitation is outweighed by the four § 3553(a) sentencing factors cited by the Government, which weigh strongly against a reduction in sentence.

This Court finds the Government's arguments convincing: Defendant has not provided any extraordinary and compelling reason for a reduction in sentence. In addition, this Court has weighed the § 3553(a) factors, and they do not support granting Defendant's motion for compassionate release.

For these reasons,

**IT IS** on this 6th day of July, 2022,

**ORDERED** that Defendant's motion for compassionate release (Docket Entry No. 167) is **DENIED**.

                                           s/ Stanley R. Chesler
                                           Stanley R. Chesler, U.S.D.J

---

[3] On February 26, 2008, Defendant was sentenced to imprisonment for a term of 824 months.