UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES of AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SHENEZ LAWRENCE, : <br> : <br> Defendant. : | Criminal Action No. 06-309 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, District Judge**

This matter comes before the Court on the *pro se* motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Shenez Lawrence ("Lawrence"). On August 22, 2024, Defendant filed a motion for compassionate release from incarceration and reduction of sentence, advancing an argument based on U.S. Sentencing Guideline § 1Bl.13(b)(6). The Government has opposed Defendant's motion. Defendant did not file a reply brief. For the reasons that follow, the motion will be denied.

On February 26, 2008, after a jury trial, Defendant was sentenced to 824 months' imprisonment for a series of armed robberies. Of that sentence, 684 months (57 years) stemmed from three convictions under 18 U.S.C. § 924(c), for which Lawrence received "stacking" consecutive sentences of seven, 25 and 25 years.

Defendant moved for compassionate release on the ground that, in 2023, the United States Sentencing Commission amended a key policy statement, 18 U.S.C. Appx. §

1B1.13(b)(6), modifying the definition of "extraordinary and compelling reasons."[1] The Government asked this Court to stay the motion until the Third Circuit decided a pending challenge to the validity of the amendment to § 1B1.13, the case of United States v. Rutherford; this Court Ordered that decision on Defendant's motion would be reserved pending the Third Circuit's decision in that case. On November 1, 2024, the Third Circuit issued its decision in Rutherford. The Government now argues that the Rutherford decision requires that Defendant's motion be denied. Defendant did not file a reply brief.

This Court agrees that the Rutherford decision squarely addresses Defendant's argument for compassionate release, and that the motion must be denied. Defendant argues that, due to the Sentencing Commission's modification of § 1B1.13(b)(6), he now can demonstrate an extraordinary and compelling reason to modify his sentence. In Rutherford, however, the Third Circuit held:

> We agree with the government that subsection (b)(6) in the amended Policy Statement, as applied to the First Step Act's modification of § 924(c), conflicts with the will of Congress and thus cannot be considered in determining a prisoner's eligibility for compassionate release.

Rutherford, 120 F.4th at 376. Pursuant to Rutherford, Defendant has not provided any extraordinary and compelling reason for a reduction in sentence, and Defendant's motion for compassionate release must be denied.

For these reasons,

**IT IS** on this 26th day of March, 2025,

---

[1] The Court here very briefly summarizes Defendant's argument based on § 1B1.13. In United States v. Rutherford, 120 F.4th 360, 378 (3d Cir. 2024), the Third Circuit fully recounts the details of the change Defendant relies on, and also explains why applications like Defendant's must nonetheless be denied under Third Circuit law.

**ORDERED** that Defendant's motion for compassionate release (Docket Entry No. 180) is **DENIED**.

s/ Stanley R. Chesler<br>
Stanley R. Chesler, U.S.D.J